STANDARD BREWERY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10226, 10492. Promulgated January 28, 1928.

*Randolph Barton, Jr., Esq., Charles H. Schnepfe, Esq.,* and *Samuel K. Dennis, Esq.,* for the petitioner.

*J. Harry Bryne, Esq.,* for the respondent.

OPINION.

TRUSSELL: The record of this action contains testimony which was produced with the view of showing the unusual value to the petitioner of the services of its president during the calendar year 1919 in support of its claim for a deduction of $50,000 for compensation for its president. The Commissioner reduced this deduction to $25,000. The testimony concerns the situation which all manufacturers and vendors of intoxicating beverages faced during the year 1919 when the imminence of national prohibition was confronting these businesses. While the record shows that this petitioner, under the guidance of its president, assumed certain risks and was subjected to the necessity of defending itself against indictments for alleged violations of prohibitory regulations and that petitioner's profits for that year were largely the result of the risks taken under the guidance of petitioner's president, we have given consideration to this testimony in connection with the form of petitioner's business and profits for the year, and in view of all the circumstances we are convinced that the amount allowed by the Commissioner as a deduction from gross income for the president's salary in the sum of $25,000 is entirely reasonable.

In making its return for income and profits taxes for the years 1918 and 1919 petitioner claimed large deductions from gross income on account of exhaustion, wear and tear, and obsolescence of brewery products, and the Commissioner disallowed part of the claimed deductions. The record does not show the basis upon which petitioner's claimed deductions were computed nor upon what specific properties the computation was made. In making his adjustments of these deductions the Commissioner applied certain definite rates of depreciation to each class of properties owned by the petitioner, applying a rate of 2½ per cent on buildings, both old and new, and 10 per cent upon machinery, both old and new. In respect to this matter we

believe that the Commissioner erred in that there should have been a segregation both as to buildings and machinery between the old machinery and buildings acquired by the petitioner in 1917 and the new buildings and machinery purchased and installed by the petitioner during the years 1918 and 1919. It appears from the record that in 1917 the petitioner acquired all the fixed properties of a brewery business for an aggregate amount of $125,000; that $40,000 of this amount was allocated to the brewery buildings and $22,475 was allocated to the brewery machinery; that the buildings were then approximately 42 years old, and that the machinery averaged not less than 15 years old. The rates of depreciation applied by the Commissioner on machinery are the ordinary rates applied upon cost of such properties new. These properties were acquired by the petitioner after they were very old; what their original cost may have been we do not know. It does not seem, however, that a rate of depreciation applicable to the cost of a building new should be applied to the cost of an old building. The testimony in this record is convincing that the brewery buildings were in a dilapidated condition when acquired by petitioner and that they could not be assumed to have a life from the acquirement date of more than 10 or 12 years; that the machinery was in such worn out condition that it could not be assumed to have a useful life of more than 5 years. We are, therefore, of the opinion and so hold, that in adjusting petitioner's depreciation deduction for the calendar years 1918 and 1919 the rate of depreciation applied to the old brewery buildings should be 8 per cent of their cost to the petitioner in 1917 and that the rate of depreciation applied to the machinery acquired in 1917 should be 20 per cent, and that petitioner's depreciation deductions for those years should be readjusted accordingly.

We have given no consideration to petitioner's claim for obsolescence of brewery properties as distinct from allowance for depreciation, for the reason that during the years 1920 to 1922, inclusive, new building construction was acquired and new machinery installed. The record does not show how much of this construction or new machinery was replacement of old machinery and construction nor does the record definitely show what items of machinery were sold during the years 1920 to 1922, inclusive. It, therefore, appears to be entirely impracticable to arrive at any basis for allowing that character of obsolescence which we have heretofore held in *Manhattan Brewing Co.*, 6 B. T. A. 952, might be applied in cases of brewery properties.

The deficiencies for the years 1918 and 1919 should be recomputed in accordance with the foregoing findings of fact and opinion.

*Judgment will be entered upon 15 days' notice, pursuant to Rule 50.*